```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  SARALYN M. ANG-OLSON, SBN 197404
    Special Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916) 554-2700

 5  Attorneys for Plaintiff
    United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:05-CV-00616-JAM-DAD |
|---|---|---|
| Plaintiff, | ) | FINAL JUDGMENT OF FORFEITURE |
| v. | ) | |
| 2002 CHEVROLET TAHOE Z-71, LICENSE NO. 4VVW322, VIN: 1GNEK13T62R211527, and | ) | |
| APPROXIMATELY $20,375.00 IN U.S. CURRENCY, | ) | |
| Defendants. | ) | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds as follows:

1. This is a civil forfeiture action against a 2002 Chevrolet Tahoe Z-71, License No. 4VVW322, VIN: 1GNEK13T62R211527 ("defendant vehicle") and Approximately $20,375.00 in U.S. Currency ("defendant currency").

2. A Verified Complaint for Forfeiture In Rem ("Verified Complaint") was filed on March 25, 2005, alleging that said defendant vehicle is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(4) and said defendant

currency is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

3. On or about March 30, 2005, Magistrate Judge Mueller issued a Warrant and Summons for Arrest for the defendant vehicle and the defendant currency. That warrant was duly executed on April 6, 2005, for the defendant currency, and on April 13, 2005, for the defendant vehicle.

4. On or about May 13, 2005, a Public Notice of Arrest of the defendant vehicle and the defendant currency appeared by publication in the <u>Mountain Democrat</u>, a newspaper of general circulation in the county in which the defendant vehicle and the defendant currency were seized (El Dorado County). The Proof of Publication was filed with the Court on May 23, 2005.

5. In addition to the Public Notice of Arrest having been completed, actual notice was given to the following individuals:

   a. Michael Francis Klaisle
   b. Jeffrey Ryan Young

6. On May 6, 2005, Michael Klaisle ("Claimant") filed a Verified Claim and filed an Answer on May 26, 2005. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against claimant

Michael Klaisle and all other potential claimants who have not filed claims in this action.

    3.  Upon entry of this Final Judgment of Forfeiture, the 2002 Chevrolet Tahoe Z-71, License No. 4VVW322, VIN: 1GNEK13T62R211527, and $14,262.00 of the Approximately $20,375.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6), to be disposed of according to law.

    4.  Upon entry of this Final Judgment of Forfeiture, but no later than 60 days thereafter, $6,113.00 of the Approximately $20,375.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to Claimant through his attorney, David Weiner.

    5.  That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant vehicle and the defendant currency, and for the commencement and prosecution of this forfeiture action.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties waive the provisions of California Civil Code § 1542.

    6.  Claimant waived any and all claim or right to interest that may have accrued on the defendant currency being forfeited to the United States.

3                                         Final Judgment of Forfeiture

    7.   That pursuant to the stipulation of the parties, and the allegations set forth in the Verified Complaint filed on March 25, 2005, the Court finds that there was reasonable cause for the seizure and arrest of the defendant vehicle and the defendant currency, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

    8.   All parties will bear their own costs and attorneys' fees, if any.

    9.   The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 23rd day of July, 2010.

/s/ John A. Mendez  
JOHN A. MENDEZ  
United States District Judge

## CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Verified Complaint filed on March 25, 2005, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure or arrest of the defendant vehicle and the defendant currency, and for the commencement and prosecution of this forfeiture action.

DATED: July 23, 2010

/s/ John A. Mendez  
JOHN A. MENDEZ  
UNITED STATES DISTRICT JUDGE